## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 12-0338** (Putnam County 11-F-84)

**Tracy L. Wright,**
**Defendant Below, Petitioner**

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Tracy L. Wright, by counsel David Moye, appeals the "Sentencing Order" entered by the Circuit Court of Putnam County on January 19, 2012, following her convictions for murder of a child by a parent by refusal or failure to supply necessities and child neglect resulting in death by a parent, guardian, or custodian. The State of West Virginia, by counsel Kristina Raynes, has filed its response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

A Putnam County Grand Jury indicted petitioner on one count of murder of a child by a parent by refusal or failure to supply necessities and one count of child neglect resulting in death by a parent, guardian, or custodian. Following a jury trial, petitioner was found guilty on both counts. Petitioner was sentenced in January of 2012 to a term of incarceration of life with mercy for murder of a child by a parent by refusal or failure to supply necessities and a term of incarceration of three to fifteen years for child neglect resulting in death by a parent, guardian, or custodian.

On appeal, petitioner argues that the circuit court erred by not advising the jury that a guilty verdict could only be returned on one of the counts. Petitioner argues the fact that one count requires intent to cause death and the second count requires neglect causing death creates a contradiction. Petitioner argues the circuit court should have instructed the jury that if they believed there was intent to cause the death of her daughter, then there could be no neglect. Petitioner argues when it is clear that an erroneous instruction was given and it cannot be declared beyond a reasonable doubt that such instruction in no way contributed to the conviction or outcome of the trial, the conviction must be reversed and a new trial granted. Petitioner also argues that plain error exists because the circuit court failed to instruct the jury that they had to choose between the counts in the indictment even though counsel did not object at trial.

1

The State argues that petitioner failed to properly object to the circuit court's jury instruction that the jury could find petitioner guilty on both counts pursuant to Rule 30 of the West Virginia Rules of Criminal Procedure and *State v. LaRock*, 196 W.Va. 294, 470 S.E.2d 613 (1996). The State argues that pursuant to *State v. Miller*, 194, W.Va. 3, 459 S.E.2d 114 (1995), petitioner's counsel waived her right by agreeing to the jury instruction and by failing to objection to the verdict form. The State argues that pursuant to *State v. Day*, 225 W.Va. 794, 696 S.E.2d 310 (2010), petitioner's counsel had multiple opportunities to challenge the jury instruction, submitted his own language for the charge on the count for the neglect charge, and thereby deliberately and through participation, waived this right.

Based on petitioner's failure to object in the trial court, this Court must review petitioner's argument under the "plain error" doctrine. This Court has stated:

> Under the "plain error" doctrine, "waiver" of error must be distinguished from "forfeiture" of a right. A deviation from a rule of law is error unless there is a waiver. When there has been a knowing and intentional relinquishment or abandonment of a known right, there is no error and the inquiry as to the effect of a deviation from the rule of law need not be determined. By contrast, mere forfeiture of a right-the failure to make timely assertion of the right-does not extinguish the error. In such a circumstance, it is necessary to continue the inquiry and to determine whether the error is "plain." To be "plain," the error must be "clear" or "obvious."

Syl. Pt. 8, *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995). The Court finds that petitioner's first assignment of error is without merit. The record reflects that both parties submitted proposed jury instructions and petitioner's counsel participated in finalizing the jury charge with the circuit court and the State. The record also reflects that petitioner's counsel knowingly and intentionally agreed to the proposed charge and waived any objection to the verdict form when petitioner's counsel stated that there were "no objections to the verdict form" and accepted the proposed charge.

Next, petitioner argues that the prosecuting attorney committed prejudicial error during closing arguments by stating "there is evidence to support a guilty verdict on both. You do not have to choose. You don't have to pick one or the other. There has been evidence to prove to you beyond a reasonable doubt that she is guilty on both of those charges." Specifically, petitioner argues that the jury was misled by the statement, "You don't have to choose." The State argues that this argument is dependent on the first assignment of error. The State argues since petitioner waived her right to object, the State argued the law exactly the way that the trial court instructed it. The Court declines to address petitioner's second assignment of error because this Court determined above that petitioner waived her objection to the jury instructions. Logically, petitioner cannot argue prejudicial error when the State argued the law as agreed to by petitioner's counsel and has failed to assert the error constituted plain error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  May 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Menis E. Ketchum